UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Reginald Canty<br><br>PETITIONER<br><br>v.<br><br>Warden Charles Williams<br><br>RESPONDENT | Case No. 4:21-cv-00015-TLW<br><br><br>**Order** |

Petitioner Reginald Canty, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 35. In the Report, the magistrate judge recommends that Respondent's motion for summary judgment be granted and the petition be dismissed without an evidentiary hearing. Petitioner did not file objections to the Report. This matter is now ripe for decision.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident*

1

*Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court has carefully reviewed the filings and record in this case, including the PCR testimony of Petitioner's co-defendant. Petitioner proceeded to a jury trial and was convicted of murder and armed robbery. He was sentenced to 30 years on each count, to run concurrently. His petition asserts that his co-defendant—who pled guilty to murder and was also sentenced to 30 years after his initial conviction at trial was reversed—now claims that "Petitioner was not involved in the robbery or murder." ECF No. 1 at 5. However, Petitioner has failed to present any new, reliable evidence that supports his innocence on the criminal charges on which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"). Thus, even if his claim were properly before the Court, he would not be entitled to habeas relief because the newly discovered evidence would not change the outcome. *See id.* at 327 ("[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.").

The Court has carefully reviewed the Report. For the reasons stated by the magistrate judge, the Report, ECF No. 35, is **ACCEPTED**. Respondent's motion for summary judgment, ECF No. 26, is **GRANTED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

                                          *s/ Terry L. Wooten*
                                          Terry L. Wooten
                                          Senior United States District Judge

February 1, 2022
Columbia, South Carolina

3